UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Plaintiff　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　v.　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>CORNELIUS M. BEACHY,　　　　　　 )<br>JOANN BEACHY,　　　　　　　　　　 )<br>PROVIDIAN NATIONAL BANK,　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendants　　　　　　　　　　)  | No. 3:04cv0204 AS |

*MEMORANDUM OPINION AND ORDER*

A hearing and oral argument was held in this case in South Bend, Indiana on May 27, 2005. The question that has to be answered here is whether the Agricultural Credit Act of 1987, 12 U.S.C. §2202(a) stands in the way of the United States of America foreclosing on the real estate in question. The issue comes to a head apparently in a fairly technical context. In support of its motion to strike the affidavit of Thomas Cleveland, the defendants have cited Rules 701 and 704 of the Federal Rules of Evidence. It would appear to this court that the aforesaid affidavit passes muster under these rules as defined in *Markel v. Board of Regents of the University of Wisconsin*, 276 F.3d 906 (7th Cir. 2002), as well as *United States v. Conn*, 297 F.3d 548 (7th Cir. 2002) and *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994). Mr. Cleveland is employed by the United States Department of Agriculture in its farm service agency as a Farm Loan Manager. His duties include oversight of the servicing of the farm service agency's rural housing and farm program loans and he is personally

responsible for the loans involved in this case.  He apparently had personal knowledge which he obtained in his official capacity.  The government is correct that his testimony his within the so-called heartland testimony permitted by Federal Rule of Evidence 701 and is thus admissible on summary judgment.  While this court is not anxious to order foreclosures, it does not conceive that the Agricultural Credit Act of 1987 stands as a roadblock to this proceeding.  Since this is not a default, the only ruling made at this time is the **DENIAL** of the motion to strike filed by the defendants Cornelius M. Beachy and Joann M. Beachy on April 6, 2005, which will afford the United States of America to present an appropriate decree that reflects the fact that this is not a default case, but a summary judgment for foreclosure will be granted.  **SO ORDERED**.

   **DATED:**  June 2, 2005

                                  s/ ALLEN SHARP
   **ALLEN SHARP, JUDGE**
   **UNITED STATES DISTRICT COURT**

2